LONGYEAR & LAVRA, LLP
Van Longyear, CSB No. 84189
Nicole M. Cahill, CSB No. 287165
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: (916) 974-8500
Facsimile: (916) 974-8510
Email: longyear@longyearlaw.com
       cahill@longyearlaw.com
**Attorneys for Defendant, COUNTY OF SACRAMENTO (erroneously sued as Sacramento County Sheriff's Department)**

PORTER SCOTT
Carl L. Fessenden, CSB No. 161494
John R. Whitefleet, CSB No. 213301
350 University Avenue, Ste. 200
Sacramento, CA 95825
Phone: (916) 929-1481
Facsimile: (916) 927-3706
Email: cfessenden@porterscott.com
       jwhitefleet@porterscott.com
**Attorneys for Defendant Rancho Cordova Police Department**

BOHM LAW GROUP, INC.
Lawrance A. Bohm, CSB No. 208716
Daniel T. Newman, CSB No. 314937
Scott C. Zienty, CSB No. 324661
4600 Northgate Blvd. Ste. 210
Sacramento, CA 95834
Phone: (866) 920-1292
Facsimile: (916) 927-2046
Email: lbohm@bohmlaw.com
       dnewman@bohmlaw.com
       szienty@bohmlaw.com
**Attorneys for Plaintiff Carlos Williams**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| CARLOS WILLIAMS, | Case No.: 2:19-CV-02345-TLN-KJN |
| Plaintiff, | **ORDER REGARDING STIPULATED PROTECTIVE ORDER** |
| v. | |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND RANCHO CORDOVA POLICE DEPARTMENT; and DOES 1 through 50, inclusive. | |
| Defendants. | |

# ORDER

The court has reviewed the parties' stipulated protective order (ECF No. 17), which comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.")  Therefore, the court GRANTS the request subject to the following clarification.

This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f).  Courts in the district generally do not agree to retain jurisdiction after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).  Based on this rationale, the court will not retain jurisdiction over this protective order once the action is closed.

Dated:  September 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

till.647

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
  (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
  (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
  (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).