UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS WILLIAMS, | No. 2:19-cv-02345-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO and RANCHO CORDOVA POLICE DEPARTMENT, | |
| Defendants. | |

This matter is before the Court on Plaintiff Carlos Williams's ("Plaintiff") Motion for Leave to Amend the Complaint. (ECF No. 19.) Defendants County of Sacramento[1] (the "County") and Rancho Cordova Police Department ("RCPD") (collectively, "Defendants") have filed oppositions. (ECF Nos. 20, 21.) Plaintiff has filed a reply. (ECF No. 22.) After carefully reviewing the briefing set forth by the parties, the Court hereby GRANTS Plaintiff's Motion for Leave to Amend the Complaint. (ECF No. 19.)

///

///

---

[1] County of Sacramento notes in its opposition that it has been erroneously sued as the Sacramento County Sheriff's Department. (ECF No. 20 at 1.) The Court recognizes these errors on the docket and directs the Clerk of the Court to make all corrections to the docket as necessary.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[2]

This case arises out of alleged excessive force and wrongful arrest perpetrated by police officers employed by Defendants on March 23, 2019. Plaintiff alleges police officers attacked him and his brother outside his home, causing severe injuries to the face, back, neck, and head. (*See* ECF No. 1 at 6–9.) Plaintiff filed this action on October 4, 2019 in Sacramento County Superior Court, and RCPD removed it to this Court on November 20, 2019. (*See id.*) On October 15, 2020, Plaintiff filed the instant motion. (ECF No. 19.) On October 29, 2020, Defendants filed oppositions. (ECF Nos. 20, 21.) On November 5, 2020, Plaintiff filed a reply. (ECF No. 22.)

II. **STANDARD OF LAW**

Granting or denying leave to amend a complaint rests within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party is able to satisfy the good cause standard under Rule 16, it must next demonstrate that the proposed amendment is permissible under Rule 15. *Id.*

Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the Court's leave. However, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

---

[2]   The Court need not recount all background facts of the instant case here, as they are set forth fully in the Court's July 15, 2021 Order granting in part Defendants' Motion to Consolidate. (ECF No. 25.) The additional factual and procedural background is taken from the instant motion. (*See* ECF No. 19.)

2

1122, 1127 (9th Cir. 2000) (en banc). Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing amendment; and (5) futility of amendment. *See Foman*, 371 U.S. at 182; *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on this ground is rare. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Ordinarily, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.*

### III.   ANALYSIS

Plaintiff seeks to amend his Complaint to: (1) name Deputy Peace Officers Nathan Daniel, Joseph Zalec, and Derek Hutchins as individual defendants; (2) clarify that his two claims under the Fourth Amendment contain the municipal liability theory under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978); and (3) add a Bane Civil Rights Act ("Bane Act") claim for conduct after Plaintiff filed his Complaint. (*See* ECF Nos. 19, 19-3.) Plaintiff argues good causes exists for leave to amend because: there has been no undue delay, bad faith, or dilatory motive; his *Monell* claim relates back to his original Complaint and is within the statute of limitations; and his Bane Act claim was timely exhausted under the California Tort Claims Act ("CTCA"). (*See* ECF No. 19.)

The County opposes Plaintiff's motion on the basis that it is premature, arguing that an amended complaint filed before the Court's ruling on the then-pending motion to consolidate will

1    lead to confusion.³ (*See* ECF No. 20.) The County does not address any other issues. (*See id.*)

2    RCPD also opposes Plaintiff's motion, asserting Plaintiff fails to satisfy "good cause" for

3    amendment under Rule 16(b)(4) because Plaintiff has not demonstrated diligence. (ECF No. 21

4    at 4–7.) As to Rule 15, RCPD maintains that amendment is futile and will unduly prejudice

5    RCPD. (*Id.* at 7–15.)

6          The Court will first evaluate whether Plaintiff has met the "good cause" standard under

7    Rule 16 and then turn to an analysis of the *Foman* factors raised by Plaintiff to determine whether

8    amendment is permissible under Rule 15.

9          A.  "Good Cause"

10         Although Plaintiff concedes he could have added the individual defendants earlier, he

11   explains he wanted to wait for further discovery to determine which additional individuals should

12   be named. (ECF No. 19 at 6.) Plaintiff also asserts he delayed while waiting to see if this case

13   was going to be consolidated with his brother's related case (No. 2:20-cv-00598-TLN-KJN)

14   arising from the same incident, which might have required filing a different type of amended

15   complaint or rendered the instant motion moot. (*Id.*; ECF No. 22 at 3.) In opposition, RCPD

16   argues each of the individual defendants Plaintiff seeks to add could have been discovered before

17   Plaintiff filed his Complaint and after discovery began. (ECF No. 21 at 5.) RCPD emphasizes

18   Plaintiff indicated in the Joint Discovery Plan (filed in March 2020) that he would seek leave to

19   amend to add the officers, but did not do so until October 2020. (*Id.*) RCPD further contends

20   Plaintiff has not shown diligence in seeking to add the *Monell* allegations, especially since

21   municipal liability is premised "on a purported failure to train the deputies and/or an

22   unconstitutional policy *at the time of the incident*." (*Id.* at 6 (emphasis in original).) RCPD

23   maintains Plaintiff also does not explain the delay in bringing the Bane Act "harassment

24   campaign" claim, even though the alleged harassment began as early as November 2019 — which

25   means Plaintiff knew about the claim for almost a year. (*Id.*)

26   ///

---

³   On July 15, 2021, the Court granted in part Defendants' Motion to Consolidate only with respect to discovery (*see* ECF No. 25), which renders the County's argument moot.

The Court finds the question of diligence to be a close call. Plaintiff's counsel is also counsel in the Related Case, which was filed on March 18, 2020 and specifically names the individual officers Plaintiff seeks to add as defendants now. (*See* No. 2:19-cv-00598-TLN-KJN, ECF No. 1.) Defendants are correct that Plaintiff's additional *Monell* allegations could have been added sooner and that Plaintiff does not adequately explain why his Bane Act "harassment campaign" claim was not brought sooner, especially since it was rejected by the City of Rancho Cordova as untimely (*see* ECF No. 19-4). Plaintiff does not elaborate on this any further in his reply. (*See* ECF No. 22.) However, the Court also sees no reason not to believe Plaintiff's counsel's explanation for the delay — namely, counsel was waiting on the Court's ruling for the motion to consolidate which might have rendered the instant motion moot. In light of the minimal prejudice to Defendants (as will be detailed further below) and Rule 15(a)'s liberal amendment policy, *see Johnson*, 975 F.2d at 609, the Court finds good cause exists to allow Plaintiff to amend his Complaint.

### B. *Foman* Factors

Having established good cause exists under Rule 16, the Court turns to the parties' arguments under Rule 15.[4] RCPD argues Plaintiff's proposed amendments are futile, there has been undue delay, and allowing amendment would cause prejudice to Defendants.[5] As will be discussed, the Court finds the *Foman* factors support granting leave to amend. *See Foman*, 371 U.S. at 182.

///

---

[4] The Court notes here that because Plaintiff seeks to set out a "transaction, occurrence, or event that happened after the date of the [initial] pleading" with respect to the alleged "harassment campaign," such amendment or supplementation is governed by Rule 15(d). *See* Fed. R. Civ. P. 15. However, because "[t]he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a)," the Court does not distinguish the two in its analysis. *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (citing *Athena Feminine Techs., Inc. v. Wilkes*, No. C 10-4868 SBA, 2013 WL 450147, at *2 (N.D. Cal. Feb. 6, 2013)) (internal quotation marks omitted); *see also Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (applying the five *Foman* factors to a Rule 15(d) motion).

[5] The parties do not discuss the factors of bad faith or repeated failure to cure deficiencies by amendments previously allowed, and therefore the Court declines to address them.

*i.     Futility of Amendment*

RCPD argues amendment is futile. (ECF No. 21 at 7–13.) Specifically, RCPD maintains Plaintiff's *Monell* claim fails to allege facts to establish a failure to train or unconstitutional policy and his Bane Act claim fails to allege facts to show RCPD interfered with a statutory or constitutional right. (*Id.*) The Court will address each claim in turn.

a) *Monell Claim*

To bring a *Monell* claim, a plaintiff must show: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)). There must also be a "direct causal link" between the policy or custom and the injury. *Id.* (citing *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000)). "Absent a formal government policy, [a plaintiff] must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity . . . so persistent and widespread that it constitutes a permanent and well settled . . . policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks and citations omitted). Thus, a single incident will typically not suffice to demonstrate existence of a policy. *McDade*, 223 F.3d at 1141. Further, a failure to train or supervise can also amount to a "policy or custom" sufficient to impose liability under § 1983 "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton*, 489 U.S. at 389.

Here, despite Plaintiff's claim that Defendants are "liable under the theory of [m]unicipal [l]iability set forth in *Monell* . . . in that they maintained customs, policies, or practices that allowed and/or caused the underlying constitutional violations, and themselves violated the constitution" (ECF No. 19-3 at 10, 12), Plaintiff does not describe or identify any formal, official policy that was either wrongful or wrongfully ignored by the police officers. (*See id.*); *see also Monell*, 436 U.S. at 691. With respect to the two 42 U.S.C. § 1983 claims (Claims Two and Three), Plaintiff alleges no facts to suggest his case is more than a "single occurrence of

6

1    unconstitutional action by a non-policymaking employee." (*See* ECF No. 19-3); *see also*
2    *McDade*, 223 F.3d at 1141.  Plaintiff's claims instead seem to arise from the one alleged incident
3    on March 23, 2019.  (*See* ECF No. 19-3.)  Even with the additional allegations regarding the
4    "harassment campaign," Plaintiff has still failed to identify an actual custom, policy, or practice
5    of the RCPD, or any past incidents of excessive force.  (*See id.*); *see also Trevino*, 99 F.3d at 918
6    ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must
7    be founded upon practices of sufficient duration, frequency and consistency that the conduct has
8    become a traditional method of carrying out policy.").  Plaintiff therefore fails to demonstrate
9    how the alleged injury results from a "permanent and well settled practice." *Trevino*, 99 F.3d at
10   918.  Plaintiff similarly fails to allege sufficient facts to connect the actions of the individual
11   officers to any policy or "possible inadequate training or supervision." *Anderson*, 451 F.3d at
12   1070.  The Court therefore cannot discern any "direct causal link" between the alleged policy and
13   Plaintiff's alleged injury.  *City of Canton*, 489 U.S. at 388.  Accordingly, Plaintiff fails to allege
14   the existence of a policy (or deficiencies in training amounting to a policy) reflecting "deliberate
15   indifference to the rights of persons with whom the police come into contact." *Id.*

16   Based on the foregoing, the Court finds Plaintiff's *Monell* claims as pleaded in the
17   proposed First Amended Complaint (ECF No. 19-3) are insufficient to state a claim.  However,
18   the Court cannot conclusively find there are "no set of facts" that can be proven by amendment to
19   constitute "a valid and sufficient claim." *Miller*, 845 F.2d at 214.  Accordingly, the Court cannot
20   determine whether amendment would be futile.

21                                 *b)  Bane Act Claim*

22   The Bane Act creates a private cause of action against anyone who "interferes by threats,
23   intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the
24   exercise or enjoyment by an individual or individuals of rights secured by the Constitution or
25   laws of the United States, or laws and rights secured by the Constitution or laws of [California]."
26   Cal. Civ. Code § 52.1.  A plaintiff bringing a claim pursuant to the Bane Act "must show (1)
27   intentional interference or attempted interference with a state or federal constitutional or legal
28   right, and (2) the interference or attempted interference was by threats, intimidation or coercion."

*Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1080 (E.D. Cal. 2018) (quoting *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of reh'g* (Mar. 6, 2015)). "[T]he egregiousness required by [§] 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure, not by whether the evidence shows something beyond the coercion 'inherent' in the wrongful detention." *Cornell v. City & Cnty. of S.F.*, 17 Cal. App. 5th 766, 801–02 (2017), *as modified* (Nov. 16, 2017).

Here, Plaintiff alleges "[b]eginning in 2019," he "experienced a pattern of police harassment at his home." (ECF No. 19-3 at 7–8.) Such events, which occurred in November 2019, December 2019, and January 2020, include an unmarked vehicle idling in front of his home, two dead birds on his driveway, five or six screws drilled into the tread of his car parked on his driveway, a police squad car creeping by his house and shining a high-powered spotlight through the windows, and confirmation from a neighbor that an unmarked police car parked outside of his home on at least one occasion. (*Id.*) While Plaintiff may sufficiently allege "threats, intimidation or coercion," it is unclear to the Court with which "state or federal constitutional or legal right" Defendants allegedly interfered or attempted to interfere. *Scalia*, 308 F. Supp. 3d at 1080.

Based on the foregoing, the Court finds Plaintiff's Bane Act claim as pleaded in the proposed First Amended Complaint (ECF No. 19-3) is insufficient to state a claim. However, the Court cannot conclusively find there are "no set of facts" that can be proven by amendment to constitute "a valid and sufficient claim." *Miller*, 845 F.2d at 214. Accordingly, the Court cannot determine whether amendment would be futile.[6]

---

[6] Plaintiff also contends his Bane Act claim is within the statute of limitations period, as he has filed the instant motion pursuant to Rule 15(d) (instead of a separate lawsuit) within six months of receiving the City of Rancho Cordova's rejection letter of his government claim. (ECF No. 19 at 8; *see also* ECF No. 19-4.) From the rejection letter that Plaintiff attaches to the instant motion, it appears this claim might be time-barred pursuant to California Government Code § 945. However, based on the limited information before the Court and RCPD's mere passing reference to his claim being rejected as untimely (ECF No. 21 at 6), the Court cannot say there are "no set of facts" that can be proven by amendment to constitute a valid claim. *Miller*, 845 F.2d at 214.

       *ii.*  *Undue Delay*

  Both parties' arguments about undue delay are made in conjunction with their arguments about diligence in seeking leave to amend under Rule 16. (*See* ECF Nos. 19, 21, 22.) To reiterate, although it is a close call, the Court sees no reason not to believe Plaintiff's counsel's explanation for the delay — namely, counsel was waiting on the Court's ruling for the motion to consolidate which might have rendered the instant motion moot.

  Accordingly, this factor weighs in favor of granting leave to amend.

       *iii.*  *Prejudice to Defendants*

  Plaintiff generally argues there will be no prejudice to Defendants if leave to amend is granted but does not expound any further. (*See* ECF Nos. 19, 22.) RCPD argues in opposition the *Monell* claims "would greatly increase the scope and breadth of the lawsuit" because those claims include "entirely different facts" about "events that span the months from November 2019 to June 2020." (ECF No. 21 at 13–14.) RCPD contends denial of leave to amend will not prejudice Plaintiff because he can file a separate lawsuit with these claims. (*Id.* at 14.) RCPD maintains the Bane Act claim is also subject to severance under Rule 21 because it "does not arise out of the same transaction or occurrence as the March 23, 2019, subject incident." (*Id.* at 14–15.) RCPD finally notes that trying all of these claims together would prejudice Defendants and cause jury confusion as to which entity "if any, is responsible due to the entirely vague and prejudicial nature of this [Bane Act] claim." (*Id.* at 15.)

  The Court finds with respect to RCPD's prejudice argument specifically, there is no trial date set, discovery is still open, the case is in the early stages of litigation, and any possible jury confusion can be mitigated with specific jury instructions. With respect to expanding the scope of the instant case, the Court agrees with Plaintiff that instead of filing a separate lawsuit, his Bane Act claim "should be added to this case as a matter of judicial economy and convenience." (ECF No. 19 at 8); *see also Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (Rule 15(d) enables a court "to award complete relief . . . and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted . . . [Supplemental pleadings] ought to be allowed as a matter of course, unless some particular reason for disallowing them appears . . . ." (quoting

9

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964)).

As such, this factor weighs in favor of granting leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave to Amend the Complaint. (ECF No. 19.) Plaintiff may file his First Amended Complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file an answer to the First Amended Complaint not later than twenty-one (21) days after the electronic filing date of the First Amended Complaint.

IT IS SO ORDERED.

Dated: September 7, 2021

Troy L. Nunley
United States District Judge