1    -

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9    CARLOS WILLIAMS,                         No. 2:19-cv-02345-TLN-CSK

10                    Plaintiff,

11         v.                                  **ORDER**

12    COUNTY OF SACRAMENTO, et al.,

13                    Defendants.

14

15

16         This matter is before the Court on Defendants County of Sacramento's (the "County") and

17    City of Rancho Cordova's (the "City") Motions for Summary Judgment.  (ECF Nos. 60, 61.)

18    Plaintiff Carlos Williams ("Plaintiff") filed oppositions to both motions.[1]  (ECF Nos. 64, 65.)

19    The County and the City filed replies.  (ECF Nos. 66, 67.)  For the reasons set forth below, the

20    Court GRANTS the County's motion for summary judgment (ECF No. 60) and GRANTS the

21    City's motion for summary judgment (ECF No. 61).

22    ///

23    ///

24    ///

25    ///

26    _____

27    [1]    Plaintiff's brother, Thomas Williams, filed a separate lawsuit against the County and City
Defendants ("Thomas Williams Action").  (No. 2:20-cv-00598-TLN-CSK.)  The Court
consolidated the instant action with the Thomas Williams Action for discovery purposes only.

28    (ECF No. 25.)

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

2          The instant action arises from an alleged unlawful search and seizure by police officers.

3   (ECF No. 27.)  The County, City, and Plaintiff provide only a sparse recitation of the facts

4   accompanying the instant motions and oppositions.  (ECF Nos. 60-2, 61-2, 64-1, 64-2, 65-1, 65-

5   2.)  However, because the facts are not material to resolving the instant motion, the Court declines

6   to set them forth in full here.

7          On November 20, 2019, the City removed this action against the City and County to this

8   Court.  (ECF No. 1.)  Plaintiff's First Amended Complaint ("FAC") names the County and the

9   City as Defendants.[2]  (ECF No. 27.)  The FAC alleges the following eight causes of action: (1)

10  negligence; (2) a 42 U.S.C. § 1983 ("§ 1983") claim for excessive force in violation of the Fourth

11  Amendment; (3) a § 1983 claim for unlawful detention and false arrest in violation of the Fourth

12  Amendment; (4) assault and battery; (5) violation of the California Tom Bane Civil Rights Act

13  ("Bane Act"); (6) interference with civil rights in violation of California Government Code §§

14  815.2(a), 820; (7) intrusion into private affairs; and (8) intentional infliction of emotional distress

15  ("IIED").  (*See* ECF No. 27.)  On December 7, 2023, the County and City filed the instant

16  motions for summary judgment.  (ECF Nos. 60, 61.)

17

## II.    STANDARD OF LAW

18         Summary judgment is appropriate when the moving party demonstrates no genuine issue

19  of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.

20  R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary

21  judgment practice, the moving party always bears the initial responsibility of informing the

22  district court of the basis of its motion, and identifying those portions of "the pleadings,

23  depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"

24  which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

25  *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof

26

27  ───────────────

[2]       Plaintiff names the Rancho Cordova Police Department as a Defendant in his FAC.  (ECF
No. 27.)  However, the City notes in its motion for summary judgment that it was erroneously
28  sued as the Rancho Cordova Police Department.  (ECF No. 61.)

1  at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

2  solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at

3  324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a

4  party who does not make a showing sufficient to establish the existence of an element essential to

5  that party's case, and on which that party will bear the burden of proof at trial.

6       If the moving party meets its initial responsibility, the burden then shifts to the opposing

7  party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus.*

8  *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*

9  *Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute,

10  the opposing party may not rely upon the denials of its pleadings but is required to tender

11  evidence of specific facts in the form of affidavits, and/or admissible discovery material, in

12  support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must

13  demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

14  suit under the governing law, *Anderson v. Defendant Lobby, Inc.*, 477 U.S. 242, 248 (1986), and

15  that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

16  for the nonmoving party. *Id*. at 251–52.

17       In the endeavor to establish the existence of a factual dispute, the opposing party need not

18  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual

19  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

20  trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is

21  to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

22  trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's

23  note on 1963 amendments).

24       In resolving the motion, the Court examines the pleadings, depositions, answers to

25  interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P.

26  56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The opposing party's

27  evidence is to be believed and all reasonable inferences that may be drawn from the facts pleaded

28  before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255.

1    Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

2    produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight*

3    *Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally,

4    to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more

5    than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

6    *Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational

7    trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587.

8        **III.    ANALYSIS**

9        The Court will first consider the County's motion for summary judgment and then

10    consider the City's motion for summary judgment.

11        A.    County's Motion for Summary Judgment

12        In moving for summary judgment, the County argues Plaintiff failed to comply with the

13    requirements of the California Government Claims Act ("Government Claims Act") — namely,

14    (1) Plaintiff fails to allege compliance with the Government Claims Act and (2) Plaintiff failed to

15    submit a government claim to the County.  (ECF No. 60-1.)  The Court will address each of the

16    County's arguments in turn.

17        *i.    Compliance with the Government Claims Act*

18        The County argues Plaintiff does not purport to have complied with the Government

19    Claims Act and nowhere in the FAC does Plaintiff assert compliance.  (ECF No. 60-1 at 4.)  In

20    opposition, Plaintiff argues he substantially complied with the Government Claims Act by filing a

21    claim with the Rancho Cordova Police Department ("RCPD") because it is a "division" of the

22    Sacramento County Sheriff's Department.  (ECF No. 64 at 7–8.)

23        Under the Government Claims Act, no suit for damages may be brought against a public

24    entity until a written claim has been presented to it and either acted upon or rejected.  Cal. Gov't

25    Code § 945.4.  "Compliance with the claims statutes is mandatory . . . and failure to file a claim is

26    fatal to the cause of action."  *City of San Jose v. Superior Ct.*, 12 Cal. 3d 447, 454 (1974)

27    (citations omitted).  The purpose of the presentation requirement is not to prevent surprise, but

28    rather "to provide the public entity sufficient information to enable it to adequately investigate

4

1   claims and to settle them," avoiding litigation costs.  *Cal. Rest. Mgmt. Sys. v. City of San Diego*,

2   195 Cal. App. 4th 1581, 1598 (2011).  "[F]ailure to timely present a claim for money or damages

3   to a public entity bars a plaintiff from filing a lawsuit against that entity."  *State of California v.*

4   *Superior Ct.*, 32 Cal. 4th 1234, 1239 (2004).

5          Section 915(a) of the Government Claims Act sets forth the procedures for claim

6   presentation to a local public entity.  Cal. Gov't Code § 915(a).  Specifically, § 915(a) requires

7   that a claim be presented to a local public entity by "delivering it to the clerk, secretary or

8   auditor" or by mailing it to one of these officials "or to the governing body at its principal office."

9   *Id*.  Section 915(e) provides that a claim shall be deemed to have been presented in compliance

10  with the Government Claims Act even if it is not delivered or mailed as required by this section if

11  certain exceptions apply.  *Id.* at § 915(e).  Relevant here, one of these exceptions includes

12  whether the claim "is actually received by the clerk, secretary, auditor, or board of the local

13  public entity."  *Id.*

14         As explained by the California Supreme Court:

15                 Section 915(a)(1) reflects the Legislature's intent to precisely
                identify those who may receive claims on behalf of a local public
16                 entity.   Section 915(e)(1) reflects the Legislature's intent that a
                misdirected claim will satisfy the presentation requirement if the
17                 claim is "actually received" by a statutorily designated recipient.
                Thus, compliance with [§] 915(e)(1) requires actual receipt of the
18                 misdirected claim by one of the designated recipients.   If an
                appropriate public employee or board never receives the claim, an
19                 undelivered or misdirected claim fails to comply with the statute.
                This straightforward construction honors the statutory language and
20                 is consistent with the purpose of the claim's statutes.

21  *DiCampli–Mintz v. County of Santa Clara*, 55 Cal.4th 983, 992–93 (2012).  Even where the

22  public entity has actual knowledge of the facts that may support the claim, a claim is barred when

23  the filing provision is not followed.  *Id*. at 989–91.  Thus, a misdirected claim will only satisfy the

24  statute if a statutorily designated recipient listed in § 915 receives it.  If the appropriate clerk,

25  secretary, auditor, or governing body "never receives the claim, an undirected or misdirected

26  claim fails to comply with the statute."  *Jefferson v. City of Fremont*, No. C-12-0926 EMC, 2013

27  WL 1747917, at *8 (N.D. Cal. Apr. 23, 2013); *see also Wilhite v. City of Bakersfield*, No. 1:11-

28

1    cv-1692-AWI-JLT, 2012 WL 273088, at *5 (E.D. Cal. Jan. 30, 2012) ("[S]ubstantial compliance

2    with § 915 requires that a misdirected claim be 'actually received' by the appropriate person or

3    board within the time prescribed for presentation of such a claim.").

4            Here, Plaintiff submitted his claim to the City Clerk of Rancho Cordova (not RCPD).

5    (ECF No. 64-3 at 7–8.)  There is no evidence that Plaintiff sent his claim to the County's clerk,

6    secretary, auditor, or governing board.  (ECF No. 64-2 at 2.)  Nor is there any evidence that one

7    of § 915's statutorily designated recipients within the County received Plaintiff's Government

8    Tort Claim.  Thus, the Court finds Plaintiff cannot claim either substantial compliance with §

9    915(a)'s presentation requirements or even compliance as permitted by § 915(e)'s exception

10   outlined above.  Even if RCPD were a "division" of the Sacramento County Sheriff's Department

11   as Plaintiff contends, Plaintiff does not cite to *any supporting law* to support his position that the

12   County should therefore be treated as the same entity or municipality as the City of Rancho

13   Cordova.

14           Further, Plaintiff's reliance on *Elias v. San Bernardino Cnty. Flood Control Dist.* to

15   support his position that he complied with the requirements of § 915(a) is unpersuasive.  68 Cal.

16   App. 3d 70 (1977).  Specifically, in *Elias*, the court found that where multiple government entities

17   share the same governing body, a claim against the subordinate entity that is delivered to the

18   governing body constitutes substantial compliance with § 915(a)'s requirements.  *Id.* at 75–76.

19   However, that is not the case here.  While Plaintiff has presented evidence that the Sacramento

20   County Sheriff's Department provides staffing services to the Rancho County Police Department

21   (ECF No. 64-3 at 18–80), Plaintiff has not presented any evidence that the City of Rancho

22   Cordova and the County share a governing body.  The County is correct that Plaintiff "may not

23   demonstrate substantial compliance with the Government Claims statute by presenting a claim to

24   the wrong entity."  (ECF No. 66 at 2 (citing *Atteberry v. Placer County*, No. 2:08-cv-01778-JAM-

25   JFM, 2009 WL 700425 (E.D. Cal. Mar. 11, 2009); *Santee v. Santa Clara Cnty. Office of Educ.*,

26   220 Cal. App. 3d 702, 713 (1990) (substantial compliance doctrine inapplicable where claim

27   presented to wrong entity)).)

28   ///

6

1

*ii.*     *Filing of a Government Claim*

2       The County argues it is undisputed that Plaintiff never submitted a tort claim.  (ECF No.

3   60-1 at 5.)  In the alternative, Plaintiff argues he substantially complied with the Government

4   Claims Act's filing requirements by filing a citizen complaint with the Internal Affairs Division

5   of the Sacramento County Sheriff's Office on August 5, 2019.  (ECF No. 64 at 9–10.)  The

6   County argues Plaintiff's citizen complaint does not constitute a claim because it "fails to identify

7   any monetary claim pursuant to Government Code § 910(f)" and does not "indicate that a lawsuit

8   would be filed if a specific action was not taken by the County."  (ECF No. 66 at 4.)

9       California Government Code § 910 requires that a claim presented to a public entity

10  include the following information:

11          (a) The name and post office address of the claimant.

12          (b) The post office address to which the person presenting the claim
            desires notices to be sent.
13

14          (c) The date, place and other circumstances of the occurrence or
            transaction which gave rise to the claim asserted.

15          (d) A general description of the indebtedness, obligation, injury,
            damage or loss incurred so far as it may be known at the time of
16          presentation of the claim.

17          (e) The name or names of the public employee or employees causing
            the injury, damage, or loss, if known.
18

19          (f) The amount claimed if it totals less than ten thousand dollars
            ($10,000) as of the date of presentation of the claim, including the
20          estimated amount of any prospective injury, damage, or loss, insofar
            as it may be known at the time of the presentation of the claim,
21          together with the basis of computation of the amount claimed. If the
            amount claimed exceeds ten thousand dollars ($10,000), no dollar
22          amount shall be included in the claim. However, it shall indicate
            whether the claim would be a limited civil case.

23  Cal. Gov't Code § 910.

24      California law makes clear that a claim need not strictly comply with § 910 to be

25  considered a valid claim.  *See State of California*, 32 Cal. 4th at 1245 (noting that "a plaintiff

26  need not allege strict compliance with the statutory claim presentation requirement").  Rather,

27  substantial compliance is sufficient.  *See Dilts v. Cantua Elem. Sch. Dist.*, 189 Cal. App. 3d 27,

28

7

1    33 (1987) ("[C]ourts employ the test of substantial compliance rather than strict compliance in

2    deciding whether a plaintiff has met the requirements of the [Government] Claims Act.").

3    "Substantial compliance contemplates that there is at least *some* compliance with *all* of the

4    statutory requirements."  *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 769 (2002)

5    (emphasis added).  "The doctrine of substantial compliance, however, cannot cure total omission

6    of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with

7    the statute."  *Loehr v. Ventura Cnty. Comm. Coll. Dist.*, 147 Cal. App. 3d 1071, 1083 (1983).

8    　　　In any event, "[a] claim that fails to substantially comply with [§§] 910 and 910.2 may

9    still be considered a 'claim as presented' if it puts the public entity on notice both that the

10   claimant is attempting to file a valid claim and that litigation will result if the matter is not

11   resolved."  *Del Real*, 95 Cal. App. 4th at 769.  To constitute a "claim as presented," "the content

12   of the correspondence to the recipient entity must at least be of such nature as to make it readily

13   discernible by the entity that the intended purpose thereof is to convey the assertion of a

14   compensable claim against the entity which, if not otherwise satisfied, will result in litigation."

15   *Green v. State Ctr. Cmty. Coll. Dist.*, 34 Cal. App. 4th 1348, 1358 (1995).

16   　　　In the instant case, the Court finds Plaintiff's citizen complaint neither substantially

17   complies with § 910's requirements nor constitutes a "claim as presented."  Specifically, the

18   citizen complaint does not comply with § 910(f), as it does not state whether the claim totals less

19   than $10,000 or whether the claim would be a limited civil case.  (*See* ECF No. 64-3 at 15.)  In

20   fact, the citizen complaint does not include a claim for money damages nor is there even an

21   estimate of the amount of any prospective injury, damage, or loss.  (*Id.*)  Instead, the citizen

22   complaint merely describes what Plaintiff alleges happened on the night of his arrest.  (*Id.*)  Thus,

23   without a claim for money damages or even an estimation of possible damages, the Court finds

24   Plaintiff's citizen complaint does not satisfy substantial compliance with § 910's requirements.

25   *See Loehr*, 147 Cal. App. 3d at 1082-84 (1983) (concluding that letter failed to satisfy the test for

26   substantial compliance, where it did not include a claim for money damages or even an estimate

27   of the amount of any prospective injury, damage or loss); *see also Stampfli v. Susanville Sanitary

28   Dist.*, No. 2:20-CV-01566-WBS-DMC, 2021 WL 5867554 (E.D. Cal. Dec. 10, 2021) (finding

8

1    plaintiff's letter did not comply with the Government Claims Act because it did not "indicate

2    plaintiff sought monetary compensation").

3        Moreover, the Court finds there is nothing in Plaintiff's citizen complaint to constitute a

4    "claim as presented."  *Del Real*, 95 Cal. App. 4th at 769.  Nothing in the citizen complaint

5    threatens litigation or even implies that litigation will follow if the parties cannot resolve the

6    dispute.  *See Olson v. Manhattan Beach Unified Sch. Dist.*, 17 Cal. App. 5th 1052, 1062 (2017)

7    (concluding that a grievance was not a claim as presented because, "at best, the grievance

8    describes a breach of contract claim involving the 'evaluative process,' but nowhere does the

9    grievance threaten litigation if the contractual breaches are not remedied"); *La v. San Mateo Cnty.*

10   *Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 6682476, at *6 (N.D. Cal. Nov. 25, 2014) ("At

11   no point during the course of this correspondence did La convey to SamTrans, either explicitly or

12   implicitly, that a claim for monetary damages exists and that litigation may ensue, or that a claim

13   is ripe and that litigation can be expected if the matter is not resolved." (internal citations and

14   quotations omitted)).  Thus, the Court finds the Plaintiff's citizen complaint does not constitute a

15   "claim as presented" because it did not provide the County with notice that Plaintiff was

16   attempting to file a valid claim and that litigation will result if the County does not resolve his

17   claims.

18       As neither the claim filed with the City of Rancho Cordova nor the citizen complaint

19   Plaintiff filed with the Sacramento County Sheriff's Department complied with the Government

20   Claim Act's requirements or procedures, the Court finds Plaintiff is precluded from bringing his

21   state law claims against the County.  Accordingly, the Court GRANTS the County's motion for

22   summary judgment.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

B.    City's Motion for Summary Judgment[3]

The City moves for summary judgment on Plaintiff's federal claims (Claims Two and Three).  (ECF No. 61-1 at 3–5.)  Assuming the Court grants summary judgment on Claims Two and Three, the City requests the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Claims One and Four through Eight) but in the alternative moves for summary judgment on those claims.  (*Id.* at 5–8.)  The Court will consider the arguments in turn.

i.    *Federal Claims (Claims Two and Three)*

The City moves for summary judgment on Claims Two and Three (excessive force, unlawful detention, and false arrest), noting these are the only federal claims asserted pursuant to § 1983 and Plaintiff does not expressly allege these claims against the City.  (ECF No. 61-1 at 3.) The City notes the claims are asserted against "Officer Nathan Daniel, Officer Joseph Zalec, and Officer Derek Hutchins," who are not parties to this action.  (*Id.* (citing ECF No. 27 at 8).)  The City argues because these claims are not alleged against the City, they fail as a matter of law. (*Id.*)

In opposition, Plaintiff contends these claims are viable because the individual officers were properly served "because they said so through counsel."  (ECF No. 65 at 8.)  Specifically, Plaintiff points to the Joint Status Report filed on October 8, 2021, which notes "individual Defendants, Officer Nathan Daniel, Officer Joseph Zalec, and Officer Derek Hutchins, are represented by John Whitefleet of the law firm Porter Scott" and under the section "Status of Service of Process," the parties stated, "[a]ll defendants have been served with the amended complaint but have not yet answered."  (*Id.* (citing ECF No. 29 at 2).)  Plaintiff contends the FAC, which was filed prior to the Joint Status Report, includes the individual Defendants, and

---

[3]    In several locations in his opposition, Plaintiff redacts certain information, presumably under the parties' stipulated protective order.  (*See* ECF No. 18.)  In the instant matter, the redacted information was unnecessary to resolve the instant motion.  However, counsel for Plaintiff is advised that should they want to file briefing with redactions with the Court in the future, counsel must seek a request to seal as outlined in Local Rule 141, unless the redacted information is listed under Local Rule 140(a).  If the Court grants the request to seal, counsel can file a public version with redactions and file an unredacted version under seal.

10

1  "Defendant agreed in writing that the Officers had been named and served and are estopped from
2  claiming otherwise."[4]  (*Id.* at 9.)

3      In reply, the City maintains Plaintiffs failed to add the deputies as parties to the lawsuit,
4  no summons for Nathan Daniel, Derek Hutchins, and Joseph Zalec were ever issued, no answer
5  has been filed on their behalf, and Plaintiff has never attempted any default.  (ECF No. 67 at 2.)
6  The City states its counsel brought these issues to Plaintiff's counsel's attention in January and
7  April 2022.  (*Id.*)  The City further contends there is no mechanism or procedure by which an
8  attorney can add non-parties to a suit by erroneously stating in a Joint Status Report that they had
9  been served and Plaintiff does not cite legal authority to suggest otherwise.  (*Id.*)

10      Under Federal Rule of Civil Procedure ("Rule") 4(m), service of process is deemed
11  insufficient "[i]f a defendant is not served within 90 days after the complaint is filed."  Fed. R.
12  Civ. P. 4(m).  Rule 4(m) permits a district court to grant an extension of time to serve the
13  complaint.  *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  The court may
14  even extend "time for service retroactively after the [90] day service[5] period has expired." *U.S. v.*
15  *2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772
16  (9th Cir. 2004); *Mann*, 324 F.3d at 1090.  Rule 4(m) provides two avenues for relief to decide
17  whether to dismiss a case or extend the time period for service of process.  *Lemoge v. United*
18  *States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  "The first is mandatory: the district court must
19  extend time for service upon a showing of good cause."  *Id.*  "The second is discretionary: if good
20  cause is not established, the district court may extend time for service upon a showing of
21  excusable neglect."  *Id.*  To determine excusable neglect, courts "conduct the equitable analysis
22  specified in *Pioneer* by examining at least four factors: (1) danger of prejudice to the opposing

---

[4]    Plaintiff also argues the case has been consolidated for discovery purposes with the
Thomas Williams Action, in which all three individual Defendants accepted service by way of
their legal counsel.  (*Id.* at 9.)  In contrast to this action, however, Plaintiff properly named the
individual Defendants and summons were issued for all the individual Defendants.  (No. 2:20-cv-
00598-TLN-CSK, ECF Nos. 8, 10, 13.)

[5]    On December 1, 2015, the presumptive time for serving a defendant under Rule 4 was
reduced from 120 days to 90 days.  *See* Fed. R. Civ. Proc. 4(m) advisory committee's note to
2015 amendment.

1    party; (2) length of delay and its potential impact on the proceedings; (3) reason for the delay; and

2    (4) whether the movant acted in good faith." *Id.* at 1192 (citing *Pioneer Inv. Servs. Co. v.*

3    *Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)) (internal quotation marks omitted).

4          Here, the Court finds the individual officers were never properly served. The individual

5    officers were never added to the caption and no summons was issued to them. Critically, Plaintiff

6    has also failed to establish good cause or excusable neglect under Rule 4(m) for failing to serve

7    that would have permitted the Court to grant an extension of time. *See Lemoge*, 587 F.3d at 1198.

8    Plaintiff seems to argue that the aforementioned representations in the Joint Status Report were

9    sufficient to comply with Rule 4 and constitute "an overt act by which the party comes into court

10   and submits to the jurisdiction of the court." (ECF No. 65 at 8 (citing *Dr. JKL Ltd. V. HPC IT*

11   *Educ. Ctr.*, 749 F. Supp. 2d 1038, 1047 (N.D. Cal. 2010).) However, the "overt act" in the case

12   Plaintiff cites was the filing of an answer. 749 F. Supp. 2d at 1047. Plaintiff does not cite to any

13   authority that statements or representations in a Joint Status Report are sufficient to add non-

14   parties to a lawsuit or constitute submission to the jurisdiction of this Court.

15         Further, the Court particularly finds egregious the fact that Plaintiff's counsel did not

16   attempt to properly add the individual officers to this suit after being informed twice by the City's

17   counsel that they had not been added. First, in January 2022, Plaintiff's counsel emailed the

18   City's counsel inquiring about whether the individual deputies intended to file an answer to the

19   First Amended Complaint ("FAC"). (ECF No. 67-4 at 4.) The City's counsel replied, "I suggest

20   you review the docket as to the named parties in that case," which the City contends implies the

21   deputies were not named parties in this case. (*Id.*; ECF No. 67 at 2.) Second, Plaintiff

22   propounded requests for production of documents on Nathan Daniel in April 2022, and the City's

23   counsel wrote to Plaintiff's counsel stating that because Nathan Daniel was not a party to the

24   action, the discovery requests were not permitted under Rule 34. (ECF No. 67 at 2; ECF No. 67-

25   4 at 8.) Specifically, the City's counsel stated: "I will repeat what I said in my January 13th 2022

26   email to you wherein I suggested you check the docket and see who are the named parties in the

27   case." (ECF No. 67-4 at 8.) The City is correct that after these emails, "Plaintiff's counsel never

28   again inquired about whether the deputies would file an answer, did not move for a default order,

1   and took no action to add the deputies as parties." (ECF No. 67 at 2.)

2       The City is further correct that Plaintiff did not dispute in his opposition brief that Claims

3   Two and Three are not alleged against the City. (ECF No. 67 at 3.) Indeed, a review of the FAC

4   reveals that Claims Two and Three are only asserted against the individual officers and not the

5   City. (ECF No. 27 at 8–9 ("This cause of action is asserted by Plaintiff Carlos Williams against

6   the following Defendants: Nathan Daniel, Officer Joseph Zalec, Officer Derek Hutchins, and

7   DOES 4-50.").)

8       In sum, the individual officers have not been properly named in this action and have not

9   been properly served. Claims Two and Three have not been asserted against the City. While the

10  Court takes no pleasure in doing so, the City's motion for summary judgment with respect to

11  Claims Two and Three is GRANTED.[6]

12              *ii.*     *State Law Claims (Claims One and Four through Eight)*

13      The City requests the Court to decline the exercise of supplemental jurisdiction over

14  Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), as there are no

15  remaining federal claims, the state court "is better positioned to adjudicate claims arising out of

16  state law," and the Court has had minimal involvement in this matter. (ECF No. 61-1 at 6.) In

17  opposition, Plaintiff contends the Court may retain supplemental jurisdiction over Plaintiff's state

18  law claims under 28 U.S.C. § 1367(c). (ECF No. 65 at 9–10.) Plaintiff asserts the Court should

19  retain jurisdiction because this case is partially consolidated with the Thomas Williams Action,

20  remanding this case back to state court will result in two separate trials with overlapping experts

21  and witnesses testifying twice, and the City removed this case from state court in the first place.

22  (*Id.* at 10.)

23      The Court agrees with the City that Plaintiff's arguments are unpersuasive. (ECF No. 67

24  at 3.) First, this action was consolidated with the Thomas Williams Action only for discovery

---

25  [6]    Plaintiff also argues that "only a *party* is entitled to make a motion for summary
26  judgment" and that if the "defective service argument were true, there would be no standing for
    Defendants Daniel, Zalec, and Hutchins to be dismissed on summary judgment as *non*-parties."
27  (ECF No. 65 at 6.) Because Plaintiff fails to cite to any case law and develop substantive
    argument on this issue, the Court declines to consider this argument. Moreover, because the
28  individual Defendants were never served in this action, this argument is moot.

1    purposes — not for trial.  (ECF No. 26.)  The City is therefore correct that, regardless of whether

2    the instant action remains in federal court, there will be two separate trials requiring witnesses to

3    testify in both proceedings.  (ECF No. 67 at 3.)  Second, the Court sees no reason not to believe

4    the City that at the time the case was initially removed, it believed there were federal claims to

5    provide this Court with subject matter jurisdiction.

6         Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental

7    jurisdiction over a [state law] claim" if "the district court has dismissed all claims over which it

8    has original jurisdiction[.]"  "The decision to decline supplemental jurisdiction under 28 U.S.C. §

9    1367(c)(3) should be informed by the values of economy, convenience, fairness and comity as

10   delineated by the Supreme Court" in *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726

11   (1966).  *Yuhre v. JP Morgan Chase Bank*, No. 2:09-cv-02369-GEB-JFM, 2010 WL 1404609, at

12   *8 (E.D. Cal. Apr. 6, 2010).  "Since state courts have the primary responsibility for developing

13   and applying state law, the *Gibbs* values do not favor retaining jurisdiction in this case." *Id.* at *8

14   (citing *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997)).  Therefore, the Court

15   declines to continue exercising supplemental jurisdiction over Plaintiff's remaining state law

16   claims and the action is remanded to Sacramento County Superior Court under 28 U.S.C. §

17   1367(c)(3).

18        **IV.    CONCLUSION**

19        For the reasons set forth above, the Court GRANTS the County's Motion for Summary

20   Judgment (ECF No. 60) and GRANTS the City's Motion for Summary Judgment (ECF No. 61).

21   The Court declines to exercise supplemental jurisdiction over the remaining state law claims and

22   DISMISSES those claims without prejudice.  The Clerk of the Court is directed to enter judgment

23   in favor of the County and the City and close the case.

24        IT IS SO ORDERED.

25   Date: January 17, 2025

26

27

28
                                        _____
                                        TROY L. NUNLEY
                                        CHIEF UNITED STATES DISTRICT JUDGE
                                                      14