UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-02345-TLN-CSK<br><br><br>**ORDER** |

　　　　This matter is before the Court on objections filed by Plaintiff Carlos Williams ("Plaintiff") in response to a bill of costs filed by Defendant County of Sacramento ("Defendant"). (ECF No. 73.) For the reasons set forth below, Plaintiff's objections are hereby SUSTAINED.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 21, 2025, this Court entered an Order granting Defendant's Motion for Summary Judgment. (ECF No. 69.) On February 4, 2025, Defendant submitted a bill of costs for $6,878.65, attributed to fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($4,930.90) and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case ($1,947.75). (ECF No. 71 at 1.) Defendant has attached several invoices from Imagine Reporting, Focus Litigation Solutions, and Veritext, LLC, presumably for the transcripts and copies needed in this case. (*Id.* at 3–21.) Plaintiff objects to Defendant's bill of costs, arguing Defendant failed to comply with Local Rule 292 because it did not include a memorandum of costs.[1] (ECF No. 73 at 2.) Plaintiff also provided a certificate of service, showing the objections had been filed with Defendant. (*Id.* at 4–5.) Defendant did not file a response to the objections.

## II. STANDARD OF LAW

Under Federal Rule of Civil Procedure ("Rule") 54(d)(1), the prevailing party in a lawsuit may recover its costs, other than attorney's fees, "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the [Court] discretion to refuse to award costs." *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). If the Court declines to award costs to the prevailing party, the Court must "specify reasons" for denying costs. *Id.* However, the Court need not "specify reasons for its decision to abide [by] the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

///
///
///

---

[1] Plaintiff also argues Defendant overstates the amount of copies charged, Defendant should not be entitled to tech costs, and Defendant should not be entitled to "rush" fees. (ECF No. 73 at 2–3.) However, because the Court is otherwise sustaining Plaintiff's objections based on Local Rule 292, the Court declines to consider Plaintiff's additional objections.

### III. ANALYSIS

Local Rule 292(b) provides:

> Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.

E.D. Cal. L.R. 292. Plaintiff argues Defendant supplied a costs bill with a form attorney affidavit, thirty-three pages of invoices, but no memorandum. (ECF No. 73 at 2.) Plaintiff also notes Defendant did not supply any form of "brief" as defined by Local Rule 101. (*Id.*) Plaintiff maintains the burden is on the party claiming costs incurred to justify taxing their opponent, which includes a supporting memorandum of costs with citations to argument and authorities. (*Id.*) Defendant was served with Plaintiff's objections (*id.* at 4–5) but did not file any response with the Court.

While "[t]he text of Local Rule 292(b) contains no specific description of the nature of the memorandum required," *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-LJO, 2013 WL 5718877, at *4 (E.D. Cal. Oct. 18, 2013), the text of the rule still requires that a "memorandum of costs" be submitted with the cost bill and the affidavit of counsel. E.D. Cal. L.R. 292(b). The Court finds Defendant fails to comply with Local Rule 292(b) because it did not submit a memorandum of costs with its submission of the bill of costs. Plaintiff is correct that "Defendant gave no argument, explanation, or legal authorities as to why the costs were necessary or otherwise supportive of their costs bill." (ECF No. 73 at 2.) Accordingly, Plaintiff's objection on the basis of Local Rule 292(b) is SUSTAINED.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's objection to Defendant's bill of costs (ECF No. 73) is SUSTAINED. In accordance with this Order, the Court declines to award Defendant's bill of costs for lack of compliance.

//

//

3

IT IS SO ORDERED.

Date: April 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4