UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS WILLIAMS,<br>Plaintiff,<br>v.<br>COUNTY OF SACRAMENTO, et al.,<br>Defendants. | No. 2:19-cv-02345-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendants County of Sacramento (the "County") and City of Rancho Cordova's ("the City") (collectively, "Defendants") Motion for Reconsideration. (ECF No. 77.) Plaintiff Carlos Williams ("Plaintiff") filed an opposition. (ECF No. 79.) Defendants filed a reply. (ECF No. 81.) For the reasons set forth below, Defendants' motion is DENIED.

///

///

///

///

///

///

///

## I. Factual and Procedural Background

The Court need not and does not recount the full factual and procedural background here, as it is set forth in the January 21, 2025 Order granting Defendants' motion for summary judgment. (ECF No. 69.) On April 18, 2025, the Court sustained Plaintiff's objections and declined to award the bills of costs submitted by the City and County for lack of compliance with Local Rule 292 because they did not submit a memorandum of costs with their submissions of the bills of costs. (ECF Nos. 75, 76.) On April 24, 2025, Defendants filed the instant motion for reconsideration. (ECF No. 77.)

## II. Standard of Law

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Plaintiffs' motion was filed within twenty-eight days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original). Courts may grant a Rule 59(e) motion on

four basic grounds:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co.*, 634 F.3d at 1111.

## III. ANALYSIS

Defendants argue the Court committed manifest error in sustaining Plaintiff's objections to their bills of costs in reliance on *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-LJO, 2013 WL 5718877, at *4 (E.D. Cal. Oct. 18, 2013), because that case held the opposite based on the same submitted documents. (ECF No. 77 at 3.) Defendants submit the declarations in *Oyarzo* did not explain or justify the costs, but explained some clarification as to missing invoices, and Local Rule 292 should not be interpreted so strictly to bar Defendants from recovering costs. (*Id.*) Defendants request in the alternative to be provided with an opportunity to brief the issue. (*Id.*)

In opposition, Plaintiff maintains the Court did not commit clear error because it referenced *Oyarzo* to support the proposition that Local Rule 292(b) does not explicitly define the contents of the required memorandum, but that a memorandum must nevertheless be included. (ECF No. 79 at 3.) Plaintiff also notes that even if the Court misinterpreted *Oyarzo*, that does not change the fact that Defendant failed to comply with local rules by failing to file the memorandum of costs.[1] (*Id.*)

Local Rule 292(b) provides:

> Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924.

---

[1] Plaintiff makes several additional arguments — that Defendants did not meet and confer prior to filing this motion, Defendants originally failed to comply with the local rules, Defendants attempt to relitigate issues already decided by the Court, Defendants have waived this issue because they failed to file any response to Plaintiff's timely objections, and reversal would cause severe hardship and create a chilling effect. (ECF No. 79 at 4–7.) Because the Court still finds that Defendants failed to comply with Local Rule 292(b), the Court need not and does not consider these additional arguments.

> The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.

E.D. Cal. L.R. 292(b).

As an initial matter, Plaintiff is correct the Court cited to *Oyarzo* for the proposition that Local Rule 292(b) does not contain a specific description as to "the nature of the memorandum required." (ECF No. 75 at 3 (quoting *Oyarzo*, 2013 WL 5718877, at *4).) Even so, the facts of *Oyarzo* illustrate the deficiencies in Defendants' bill of costs submission. Defendants claim that the *Oyarzo* decision was "based on [the] same submitted documents" because the bill of costs submitted in *Oyarzo* was the same form used in this case. (ECF No. 77 at 3.) This is not true. Defendants acknowledge that *Oyarzo* counsel submitted declarations but attempted to disregard those submissions as not explaining or justifying the costs but rather explained missing invoices. (*Id.*; *see also* No. 1:11-cv-01271-SAB, ECF Nos. 124, 124-1, 125, 125-1.) Defendants conveniently leave out the fact that the bill of costs submitted in *Oyarzo* also contained memoranda explaining that the supporting documents show all the taxable costs and that the defendants claimed a one-sixth proportionate share of those costs. (No. 1:11-cv-01271-SAB, ECF No. 124 at 1–2, ECF No. 125 at 1–2.) While Defendants are technically correct that the *Oyarzo* declarations explained missing invoices, what matters is that declarations from counsel in *Oyarzo* were nonetheless submitted. The text of the Rule 292(b) requires that "a memorandum of costs" and "an affidavit of counsel" be submitted with the cost bill.[2] E.D. Cal. L.R. 292(b). Defendants submitted neither. (*See* ECF Nos. 71, 72.)

///

---

[2] Defendants contend that "[n]o court before the [C]ourt issued its orders (ECF Nos. 75 and 76) appears to have interpreted L.R. 101 to apply to a bill of costs." (ECF No. 77 at 3.) To clarify, the Court stated in its prior Orders that "Plaintiff is correct that 'Defendant gave no argument, explanation, or legal authorities as to why the costs were necessary or otherwise supportive of their costs bill.'" (ECF No. 75 at 3 (quoting ECF No. 74 at 2); ECF No. 76 at 3 (quoting ECF No. 73 at 2).) Assuming Defendants are referring to the definition of "briefs" in Local Rule 101, the Court clarifies that it did not state the memorandum required by Local Rule 292(b) must comply with the requirements of Local Rule 101. Defendants simply had to submit a memorandum with some explanation of costs, which they failed to do.

Accordingly, Defendants fail to demonstrate that the Court committed a "manifest error[] of law or fact" in denying Defendants costs. *Allstate Ins. Co.*, 634 F.3d at 1111.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is DENIED. (ECF No. 77.)

IT IS SO ORDERED.

DATE: August 26, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE